**Charles R. MCNAMARA,
Plaintiff–Appellant,**

v.

**TOURNEAU, INC., Defendant–Appellee.**

**No. 07–3699–cv.**

United States Court of Appeals,
Second Circuit.

June 16, 2009.

Charles R. McNamara, pro se, Queens Village, N.Y., for Appellant.

Steven D. Hurd, Proskauer Rose LLP, New York, N.Y., for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Appellant Charles McNamara, *pro se,* appeals the district court's grant of summary judgment dismissing his claims of disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's order granting summary judgment *de novo,* and ask whether the court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show: (1) his employer is subject to the ADA; (2) he is disabled within the meaning of the ADA; (3) he is otherwise qualified to perform the essential functions of his job; and (4) he suffered an adverse employment action because of his disability. *Jacques v. DiMarzio, Inc.,* 386 F.3d 192, 198 (2d Cir.2004). The ADA defines disability, with respect to an individual, as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also Buckley v. Consol. Edison Co. of N.Y., Inc.,* 155 F.3d 150, 154 (2d Cir.1998) (en banc). "Major life activities" include, *inter alia,* caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing,

learning, and working. 29 C.F.R. § 1630.2(i). The regulations define the term "substantially limits" to mean: "(i) [u]nable to perform a major life activity that the average person in the general population can perform; or (ii)[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1). Whether an impairment substantially limits a life activity is determined by considering: (1) the nature and severity of the impairment; (2) the duration of the impairment; and (3) the impairment's permanent or long-term impact. 29 C.F.R. § 1630.2(j)(2).

Here, the district court properly granted Tourneau's motion for summary judgment, and we affirm for substantially the reasons stated by the district court in its thorough and well-reasoned opinion.

We have carefully reviewed the Appellant's remaining arguments and find them to be without merit.

Accordingly, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgment of the district court is hereby **AF-FIRMED**.